Filed 3/23/16  P. v. Luna CA2/1

## NOT TO BE PUBLISHED IN THE OFFICIAL REPORTS

California Rules of Court, rule 8.1115(a), prohibits courts and parties from citing or relying on opinions not certified for publication or ordered published, except as specified by rule 8.1115(b).  This opinion has not been certified for publication or ordered published for purposes of rule 8.1115.

IN THE COURT OF APPEAL OF THE STATE OF CALIFORNIA

SECOND APPELLATE DISTRICT

DIVISION ONE

| | |
|---|---|
| THE PEOPLE, | B265007 |
| Plaintiff and Respondent, | (Los Angeles County Super. Ct. No. YA091259) |
| v. | |
| JOHNATHON ANTHONY LUNA, | |
| Defendant and Appellant. | |

APPEAL from a judgment of the Superior Court of Los Angeles, Alan B. Honeycutt, Judge.  Affirmed.

Cynthia L. Barnes, under appointment by the Court of Appeal, for Defendant and Appellant.

No appearance for Plaintiff and Respondent.

———————————

In a November 25, 2014 information, the People charged Johnathon Anthony Luna with one count of second degree robbery (Pen. Code, § 211) and one count of felony possession of a controlled substance (Health & Saf. Code, § 11377, subd. (a).) The information further alleged that Luna personally used a firearm in count 1 (Pen. Code, § 12022.53, subd. (b)) and suffered a prior strike for a prior serious felony conviction (Pen. Code, §§ 667, subd. (d) & 1170.12, subd. (b)) for a 2002 robbery.

On January 26, 2015, count 2 was reduced to a misdemeanor. On March 17, 2015, pursuant to a waiver of his trial rights, defendant entered a no contest plea to the robbery charge, admitted to the use of a firearm in count 1, and admitted the prior strike based on the 2002 robbery. Count 2 was dismissed.

Before the plea was accepted, the People stated that the agreed disposition was 14 years based on a low term on count 1 with an admission of the prior strike and 10 years on the firearm enhancement, and striking the five years on the prior. Luna stated that he understood he would be sentenced to 14 years in state prison.

At sentencing on March 27, 2015, the court sentenced Luna pursuant to the plea agreement, selecting the low term of two years for count 1, doubled for a base term of four years, and imposed an additional term of 10 years under the firearm enhancement and resulting in an aggregate sentence of 14 years in state prison.

Defendant filed a timely notice of appeal from the sentence and the validity of the plea and sought issuance of a certificate of probable to challenge his plea, claiming ineffective assistance of counsel because he did not receive the sentence he was told he would receive. The trial court denied the request for a certificate.

We appointed counsel to represent defendant on appeal. After examination of the record, appointed counsel filed an opening brief raising no issues and asking this court to independently review the record. (*People v. Wende* (1979) 25 Cal.3d 436, 441.) On January 4, 2016, we sent letters to defendant and appointed counsel, directing counsel to immediately forward the appellate record to defendant and advising defendant that he had 30 days within which to personally submit any contentions or issues he wished us to consider. To date, defendant has not responded.

Defendant's guilty plea and the trial court's denial of a certificate of probable cause limit the potential scope of defendant's appeal to "constitutional, jurisdictional, or other grounds going to the legality of the proceedings," "[g]rounds that arose after entry of the plea and do not affect the plea's validity" or "[t]he denial of a motion to suppress evidence under Penal Code section 1538.5." (Cal. Rules of Court, rule 8.304(b); Pen. Code, § 1237.5.) We have examined the entire record and have found that no arguable issues of any sort exist, let alone issues cognizable without a certificate of probable cause. We are satisfied that defendant's appointed counsel has fully complied with her responsibilities and that no arguable issues exist. (*People v. Kelly* (2006) 40 Cal.4th 106, 109-110; *People v. Wende*, *supra*, 25 Cal.3d at p. 441.)

## DISPOSITION

The judgment is affirmed.




CHANEY, J.


We concur:



ROTHSCHILD, P. J.



JOHNSON, J.